**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Carrillo,<br><br>            Plaintiff,<br><br>v.<br><br>99 Cents Only Stores LLC,<br><br>            Defendant. | No. CV-24-00938-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed with leave to amend.

I.   Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

II.     Analysis

Plaintiff brings this action against Defendant 99 Cents Only Store. Construed liberally, it appears that Plaintiff intends to bring claims for public accommodation discrimination (although it is unclear whether this claim is brought under state or federal laws or both),[2] intentional infliction of emotional distress, product liability, and

---

[2] "When a plaintiff brings an action under [Title II of the Civil Rights Act of 1964], he cannot recover damages." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).

negligence.[3] The allegations describe a wide variety of acts that appear to have taken place on various dates, but the complaint does not include any allegations as to when any of the acts took place. Some of the allegations suggest that certain acts happened more than once without specifying the number of times. For example, Plaintiff alleges that "[a]nytime [she] asked for the store manager at the Casa Grande location, she would be unavailable" (Doc. 1 at 4), but the allegations do not establish the number of times this happened.

Furthermore, although Plaintiff brings various claims based on various acts that appear to have taken place on various dates, the allegations in the complaint are set forth in one lengthy paragraph.

Rule 10(b) of the Federal Rules of Civil Procedure provides as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Given the multiplicity of claims and the seeming disparate nature of the acts alleged, separating the counts and clarifying which allegations form the basis of which counts would help to bring the "simplicity, directness, and clarity" that Rule 8 requires. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Adhering to the rule requiring that each allegation be set forth in a separate, numbered paragraph would also help to bring clarity to the complaint, especially if Plaintiff could include dates and organize the paragraphs in a sensible manner—for example, chronologically and/or grouped by claim.

The Court further notes that elements appear to be missing from at least some of the claims. Notably, although a plaintiff in a public accommodation discrimination case can allege "sufficient facts to establish circumstantial intentional race discrimination" by alleging that "a similarly situated individual outside of the plaintiff's protected class received more favorable treatment than the plaintiff," *Hameen v. Dollar Tree Stores Inc.*, 2022 WL 17416768, *3 (D. Ariz. 2022), and the complaint here alleges that Plaintiff was

---

[3] It is not clear whether "negligence" is intended to be a separate claim or is describing the type of product liability claim Plaintiff intends to bring.

- 3 -

subjected to certain indignities, such as "closing down cash registers and walking away without notice," such that employees only made themselves available for checkout "when white customer [sic] approached registers," the complaint fails to allege that Plaintiff is a member of any protected class(es). Specifically, although the complaint identifies the race ("white") of another customer, it does not identify Plaintiff's own race.

Furthermore, "[i]f a state where an alleged civil rights violation occurs has established an agency with authority to hear complaints of discrimination prohibited by Title II, notification to that agency is a prerequisite for federal jurisdiction." *Dragonas v. Macerich*, 2021 WL 3912853, *3 (D. Ariz. 2021) (cleaned up). The acts alleged in the complaint occurred in Arizona. (Doc. 1.) Pursuant to the Arizona Civil Rights Act ("ACRA"), "[d]iscrimination in places of public accommodation against any person because of race, color, religion, sex, national origin or ancestry is contrary to the policy of this state and [is] unlawful," such that withholding "accommodations, advantages, facilities or privileges" or making any distinction "in connection with the price or quality of any item, goods or services offered" on those grounds violates Arizona law. A.R.S. § 41-1442. "Alleged violations of the ACRA must first be brought to the attention of the Civil Rights Division of the Arizona Attorney General's Office by a written charge. An individual may bring a civil action under the ACRA only after the Division has had an opportunity to investigate charges and, if it chooses, to instigate formal or informal processes to address them." *Miles v. Vasquez*, 2007 WL 3307020, *2 (D. Ariz. 2007) (citing A.R.S. §§ 41-1471, 41-1481). Thus, under both state and federal law, Plaintiff is required to plead that she has notified the Arizona Civil Rights Division of the alleged discrimination giving rise to her claims. *Dragonas*, 2021 WL 3912853 at *3.

As for intentional infliction of emotional distress, "[t]he three required elements are: *first,* the conduct by the defendant must be 'extreme' and 'outrageous'; *second,* the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 734 P.2d 580,

585 (Ariz. 1987). Without prejudging whether the pattern of acts alleged in the complaint could satisfy the first two elements, the Court notes that the complaint includes no allegations as to the third.

As for product liability and negligence, Plaintiff alleges that she was harmed by two products sold at Defendant's store—a hair dye that burned her scalp and peanuts that "at times tasted rancid or had a chemical like smell/taste of gasoline" and were, on one occasion "crunchier than usual," which resulted in Plaintiff's tooth breaking. (Doc. 1 at 4.) The complaint asserts that the store "has a duty to protect customers and failed to warn about unsafe products." (*Id.*) However, there also appears to be a suggestion that the unsafe products were deliberately thrust upon Plaintiff. The complaint states, "I am unsure if employees are swapping out store shelf items and would like . . . to explore if someone was directing employees to do all this." (*Id.*)

"A prima facie case of strict products liability is established by showing that when the product left the defendant's control, it was in a defective condition that made it unreasonably dangerous and the defect was *a* proximate cause of plaintiff's injuries." *Jimenez v. Sears, Roebuck & Co.*, 904 P.2d 861, 864 (Ariz. 1995). The allegations here are sufficient to make that showing. However, it is unclear whether Plaintiff intends to pursue a strict liability product defect theory, a negligence theory, or both—and/or some kind of intentional tort. To defend against this action, Defendant must know what it "is being sued for." *McHenry*, 84 F.3d at 1178.

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

The amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see*

*also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

If the amended complaint fails to comply with the Court's instructions as provided in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant leave to file another amended complaint if the first amended complaint is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 4.)

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** with leave to file an amended complaint within two weeks of the date of this order. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint

within two weeks of the date of this order, the Clerk of Court shall terminate the action.

Dated this 3rd day of May, 2024.

                                                 Dominic W. Lanza
                                          United States District Judge